T. HAMILTON *et al.*, Respondents, *v.* N. M. McCLELLAND *et al.*,
Appellants.

1. *Equity — Attachment — Innocent purchaser for value, etc.— Cloud on title,
bill in equity for removal of.*—Under an attachment issued from one county,
certain land was seized in another; but there was no record evidence in the
latter county either of its issue or of any proceedings under it.   Prior to the
levy it had been conveyed away by defendant, and passed through two or
three hands.   Subsequent to the attachment it was purchased by a third party,
who, after payment of the purchase money, and at the delivery of the deed,
for the first time got notice of the attachment.   Judgment being had on the
attachment, the land was sold under execution, and bought in by plaintiff,
the attaching creditor.   Plaintiff in the attachment afterward brought his bill
in equity against the purchaser to remove the cloud on the title acquired by
his purchase under the execution.   *Held,* that the bill contained no equity,
and should be dismissed.

*Appeal from Fifth District Court.*

*Hall & Oliver*, for appellants.

I.  Gregg, being an innocent purchaser for value without notice,
had a right to go on and acquire the legal title.   (2 Lead. Cas.
in Eq., part 1, p. 36 *et seq.; id.* 57.)

II.  A court of equity will not even assist a party who has
fortified himself with the legal estate against a *bona fide*
purchaser.  (2 Lead. Cas. in Eq., part 1, p. 38 ; *id.* 81 *et seq.*)

III.  The levy of the attachment in this case was not notice to
Gregg of plaintiffs' claim.   (18 Johns. 503 ; 13 Johns. 470.)

*Dunn & Orrick*, and *H. M. & A. H. Vories*, for
respondents.

I.  The attachment and its levy upon the land in controversy
being made in conformity to law, created a lien on the land in
favor of the respondents, which could not be divested by pur-
chasers of the land, either innocent or otherwise, during the
pendency of the suit.   (Drake on Attach., §§ 224–242 ; 23
Mo. 94 ; 1 Litt. 302 ; 5 Dana, 76 ; 9 Dana, 18 ; 5 Moore, 73 ;
Drake on Attach. 232.)

II.  The pending of the suit in this case gave notice to the
inhabitants of the State that this land was still claimed to belong

to McClelland, for the payment of his debts, and all persons are as much bound by this notice as if they had actual notice of the fraud. The doctrine of *lis pendens* is peculiarly applicable to this case. (1 Sto. Eq., §§ 405–6.)

BLISS, Judge, delivered the opinion of the court.

The plaintiffs presented their petition in equity to the Circuit Court of Carroll county to remove a cloud upon their title to land purchased under the following circumstances: T. Hamilton and the ancestor of his co-plaintiff, in March, 1862, sued out of the Ray Circuit Court a writ of attachment against defendant McClelland, attached the land in controversy, and in June, 1865, obtained judgment, sold and bid in the property. Previous to the levy in attachment it had been conveyed away by McClelland, and passed through two or three hands, when subsequent to the attachment it was purchased by defendant Gregg. It is clear from the evidence that he was a *bona fide* and innocent purchaser without actual notice and for a good consideration. The attachment issued from Ray county, and the land seized lies in Carroll county, and there was no record evidence in the latter county either of its issue or of any proceedings under it—there being then no law requiring an abstract of attachment proceedings to be filed with the county recorder. Before the purchase, Gregg made a thorough examination of the records of the proper county, and paid twelve hundred dollars of the purchase money down, and gave his notes for the balance. After some delay the deed was forwarded to his attorney, and when delivered to him he was informed by the attorney that he had just heard of these attachment proceedings, which was the first information he had received upon the subject. Under these circumstances defendant Gregg claims that he should be protected as an innocent purchaser, but the Circuit Court rendered a judgment against him canceling his deed, which judgment was affirmed in the District Court.

The defendant has raised some questions concerning the regularity of the proceedings in attachment, and claims that his legal

as well as equitable rights are superior to those of the attaching creditor. But it is unnecessary, at this time, to pass upon these questions. There is no equity in the case at bar as against Gregg, and every principle of chancery proceedings would be ignored if we were to allow the judgment below to stand. It is true that people sometimes suffer from their ignorance, even where all available means have been used to arrive at the truth; and in the present case, if it should appear in a proper proceeding that the attachment creditor has complied in prosecuting his suit with the requirements of the law — that the lien attached before the purchase by Gregg, and was not interrupted by any subsequent irregularity — the mere fact of an innocent purchase might not prevail. But equity will never lend its aid to invalidate such purchase. This is a proceeding to set aside the conveyance to Gregg, is altogether equitable in its character, and is addressed to the conscience of the court. While we might not interfere to protect him, we certainly are not called upon to place him in a worse condition than the one in which he has unwittingly placed himself; we are not called upon, as against him, to give greater force and effect to the attachment proceedings than they would have at law. Whatever title Gregg acquired should be left intact to protect him, if possible, against these proceedings. (Upon this subject, see authorities cited in notes to Bassett v. Nosworthy, in 2 Lead. Cas. in Eq., pt. 1, p. 2.)

Our view of the equity of the case renders it unnecessary to consider the various other points made by the record; and the other judges concurring, the judgment will be reversed and the petition dismissed.